925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny M. GREENE, Petitioner-Appellant,
v.
David MILLS, Warden, et al., Respondents-Appellees.
 No. 90-5527.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Johnny M. Greene, a Tennessee state prisoner proceeding with benefit of counsel, appeals from the order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Greene alleged that he entered a guilty plea unknowingly and involuntarily because the trial court failed to advise him of his rights in accordance with Boykin v. Alabama, 395 U.S. 238, 243 (1969).
 
 
 3
 The case was referred to a magistrate who found nothing in the record to suggest that Greene entered his plea unknowingly or involuntarily. The district court adopted the magistrate's report and recommendation over Greene's objections and dismissed the petition.
 
 
 4
 Upon review, we find no error. Greene's guilty plea was not taken in violation of the Constitution.
 
 
 5
 The record reflects that the plea was a voluntary and intelligent choice among the alternative courses of action open to petitioner. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). Greene was tried to a jury on a capital murder charge. The state presented twenty witnesses for direct and cross-examination. After conferring with his attorneys for one hour and twenty-five minutes, Greene changed his plea to guilty.
 
 
 6
 The trial court examined Greene concerning the defendant's understanding of the consequences of his plea. There is nothing in the record to suggest that Greene's plea was anything but an intelligent choice among the alternative courses of action open to him. The lack of a verbatim articulation of the rights set forth in Boykin does not render the guilty plea involuntary.
 
 
 7
 Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.